GEORGE A. RILEY (State Bar No. 118304)
DANIEL H. BOOKIN (State Bar No. 78996)
ROBERT D. TRONNES (State Bar No. 209835)
VIVI N. TRAN (State Bar No. 247513)
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3828
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
E-Mail: griley@omm.com
dbookin@omm.com
rtronnes@omm.com
vtran@omm.com

Attorneys for Nominal Defendant APPLE INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re APPLE INC. DERIVATIVE LITIGATION | Master File No. C-06-04128-JF |
| This Documents Relates to: ALL ACTIONS. | **DECLARATION OF VIVI N. TRAN IN SUPPORT OF NOMINAL DEFENDANT APPLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF DERIVATIVE SETTLEMENT**<br><br>Date: September 8, 2008<br>Time: 9:00 a.m.<br>Department: Ctrm. 3, 5th Floor<br>Judge: Honorable Jeremy Fogel |

## **DECLARATION OF VIVI N. TRAN**

I, VIVI N. TRAN, declare as follows:

1. I am an attorney duly licensed before all of the courts of the State of California and the United States District Court for the Northern District of California. I am an associate in the law firm of O'Melveny & Myers LLP, counsel of record for nominal defendant Apple Inc. ("Apple"). I make this declaration in support of Apple's Memorandum of Points and Authorities in Support of Joint Motion for Preliminary Approval of Derivative Settlement. I have personal knowledge of the matters stated herein and, if called upon, could competently testify thereto.

2. Certain exhibits to this declaration have been redacted to protect confidential employee information or Apple's confidential proprietary business information that is unrelated to the matters at issue in this action.

3. Attached hereto as **Exhibit 1** is a true and correct copy of Apple's Current Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 on Form 8-K, filed with the United States Securities and Exchange Commission on April 24, 2007.

4. Attached hereto as **Exhibit 2** are true and correct copies of the following pages from Apple's Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 on Form 10-K, filed with the United States Securities and Exchange Commission on December 23, 1998: cover page, pages 8, 54-55, 72, and signature pages.

5. Attached hereto as **Exhibit 3** is a true and correct copy of Apple's Definitive Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 on Schedule 14A, filed with the United States Securities and Exchange Commission on March 16, 1998.

6. Attached hereto as **Exhibit 4** is a true and correct copy of Apple's Registration Statement Under the Securities Act of 1933 on Form S-8, filed with the United States Securities and Exchange Commission on July 31, 1998.

7. Attached hereto as **Exhibit 5** are true and correct copies of the following pages from Apple's Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 on Form 10-K, filed with the United States Securities and Exchange Commission on November 15, 2007: cover page, pages 35-36, 95, 101, and signature pages.

8. Attached hereto as **Exhibit 6** are true and correct copies of the following pages from Apple's Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 on Form 10-K, filed with the United States Securities and Exchange Commission on December 29, 2006: cover pages, pages 3-6, and signature page.

9. Attached hereto as **Exhibit 7** is a true and correct copy of Apple's Definitive Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 on Schedule 14A, filed with the United States Securities and Exchange Commission on March 24, 2003.

10. Attached hereto as **Exhibit 8** is a true and correct copy of Apple's Current Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 on Form 8-K, filed with the United States Securities and Exchange Commission on January 22, 2008.

11. Attached hereto as **Exhibit 9** are true and correct copies of the following pages from Apple's Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 on Form 10-K, filed with the United States Securities and Exchange Commission on December 5, 1997: cover page, pages 25, 67, and signature pages.

12. Attached hereto as **Exhibit 10** is a true and correct copy of Apple's Definitive Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 on Schedule 14A, filed with the United States Securities and Exchange Commission on January 23, 2008.

13. Attached hereto as **Exhibit 11** is a true and correct copy of the Letter from the SEC's Office of the Chief Accountant to Lawrence Salva and Sam Ranzilla, dated September 19, 2006.

14. Attached hereto as **Exhibit 12** are true and correct copies of the following pages from Apple's Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 on Form 10-K, filed with the United States Securities and Exchange Commission on December 3, 2004: cover page, page 105, and signature page.

15. Attached hereto as **Exhibit 13** is a true and correct copy of the July 11, 1997 Minutes of a Meeting of Apple's Compensation Committee.

16. Attached hereto as **Exhibit 14** is a true and correct copy of Apple's Definitive Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 on Schedule

14A, filed with the United States Securities and Exchange Commission on December 27, 1996.

17. Attached hereto as **Exhibit 15** is a true and correct copy of Apple's 1997 Non-Officer Plan.

18. Attached hereto as **Exhibit 16** is a true and correct copy of the redacted August 5, 1997 Minutes of a Meeting of Apple's Compensation Committee.

19. Attached hereto as **Exhibit 17** is a true and correct copy of the November 5, 1997 Minutes of a Meeting of Apple's Compensation Committee and the redacted exhibits from the materials for that meeting.

20. Attached hereto as **Exhibit 18** is a true and correct copy of Philip Schiller's Form 3 dated February 21, 2002, and submitted to the United States Securities and Exchange Commission following Schiller's promotion to Senior Vice President.

21. Attached hereto as **Exhibit 19** is a true and correct copy of the redacted December 21, 1997 Minutes of a Meeting of Apple's Board of Directors.

22. Attached hereto as **Exhibit 20** is a true and correct copy of Peter Oppenheimer's Form 3 dated October 8, 1999, and submitted to the United States Securities and Exchange Commission following Oppenheimer's October 6, 1999 promotion to Vice President and Corporate Controller of Apple.

23. Attached hereto as **Exhibit 21** is a true and correct copy of Apple's Press Release dated October 15, 1997, entitled "Manovich and McCluney Resign from Apple."

24. Attached hereto as **Exhibit 22** is a true and correct copy of the redacted August 4, 1998 Minutes of a Meeting of Apple's Compensation Committee.

25. Attached hereto as **Exhibit 23** is a true and correct copy of the redacted VP Stock Recommendations from the materials printed on August 3, 1998, and provided to Apple's Board on August 4, 1998.

26. Attached hereto as **Exhibit 24** is a true and correct copy of Apple's Compensation Committee's redacted Action by Unanimous Written Consent dated March 2, 1999.

27. Attached hereto as **Exhibit 25** is a true and correct copy of Apple's Compensation Committee's redacted Action by Unanimous Written Consent dated July 6, 1999.

28. Attached hereto as **Exhibit 26** is a true and correct copy of Apple's Compensation Committee's redacted Action by Unanimous Written Consent dated August 3, 1999.

29. Attached hereto as **Exhibit 27** is a true and correct copy of Apple's Compensation Committee's redacted Action by Unanimous Written Consent December 14, 1999.

30. Attached hereto as **Exhibit 28** is a true and correct copy of the redacted December 2, 1999 Minutes of a Special Meeting of Apple's Board of Directors.

31. Attached hereto as **Exhibit 29** is a true and correct copy of Apple's Current Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 on Form 8-K, filed with the United States Securities and Exchange Commission on January 24, 2000.

32. Attached hereto as **Exhibit 30** is a true and correct copy of Apple's Definitive Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 on Schedule 14A, filed with the United States Securities and Exchange Commission on March 6, 2000.

33. Attached hereto as **Exhibit 31** is a true and correct copy of the Amended Complaint in the action styled *SEC v. Heinen*, Case No. C-07-2214 (JF), filed with this Court on May 16, 2007.

34. Attached hereto as **Exhibit 32** is a true and correct copy of a chart indicating Apple's closing stock price from October 1, 1996 through March 10, 2004.

35. Attached hereto as **Exhibit 33** is a true and correct copy of the United States Securities and Exchange Commission's Litigation Release No. 20086, dated April 24, 2007, and entitled "SEC Charges Former Apple General Counsel for Illegal Stock Option Backdating."

36. Attached hereto as **Exhibit 34** is a true and correct copy of the Transcript of Proceedings held on September 7, 2007, in the matters *Vogel, et al. v. Jobs, et al.* (Case No. C 06-5208 JF) and *In re Apple Inc. Derivative Litigation* (Case No. C 06-4128 JF).

37. Attached hereto as **Exhibit 35** is a true and correct copy of the United States Securities and Exchange Commission's Litigation Release No. 20683, dated August 14, 2008, and entitled "SEC Settles Options Backdating Charges With Former Apple General Counsel For $2.2 Million."

I declare under penalty of perjury under the laws of the United States of America that the

1 | foregoing is true and correct.

2 |       Executed this 4th day of September 2008 in Menlo Park, California.

 

                                                /s/ Vivi N. Tran
                                                 Vivi N. Tran

MP1:1022949.4