MARK C. MOLUMPHY (State Bar No. 168009)
COTCHETT, PITRE & McCARTHY
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
E-Mail: mmolumphy@cpmlegal.com
Attorneys for Plaintiffs and Derivatively on Behalf of APPLE INC.

GEORGE A. RILEY (State Bar No. 118304)
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3828
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
E-Mail: griley@omm.com
Attorneys for Nominal Defendant APPLE INC.

**E-Filed 9/8/08**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re APPLE INC.<br>DERIVATIVE LITIGATION<br><br>This Documents Relates to:<br><br>ALL ACTIONS. | Master File No. C-06-04128-JF<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT |

**ORDER PRELIMINARILY APPROVING SETTLEMENT**

WHEREAS, the Settling Parties have made application, pursuant to Federal Rule of Civil Procedure 23.1, for an order preliminarily approving the settlement (the "Settlement") of this Federal Action, in accordance with the Stipulation of Agreement of Settlement dated as of August 29, 2008 (the "Stipulation");

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein):

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve, subject to further consideration at the Final Settlement Hearing described below, the Stipulation and the Settlement set forth therein.

2. A hearing (the "Final Settlement Hearing") shall be held before this Court on _October 31_, 2008, at _11_ a.m. (at least fifty (50) days from the date of this Order) at the United States Courthouse, 280 South 1st Street, Courtroom 3, 5th Floor, San Jose, California to: to: (i) determine whether the Settlement should be approved as fair, reasonable and adequate; (ii) hear Plaintiffs' applications for an award of attorneys' fees and expenses; and (iii) rule upon any other matters that come before the Court. The Court may adjourn the Final Settlement Hearing or modify any of the dates set forth herein without further notice to Shareholders.

3. The Court approves, as to form and content, the Notice of Proposed Settlement of Shareholder Derivative Action and Hearing ("Notice") attached as Exhibit 2 to the Stipulation and the Summary Notice of Proposed Settlement of Derivative Action ("Summary Notice") attached as Exhibit 5 to the Stipulation. The Court finds that the content, distribution and publication of the Notice and Summary Notice, substantially in the manner and form set forth in this Order, constitute the best notice practicable under the circumstances to all persons entitled to such notice. These notices fully satisfy the requirements of Federal Rule of Civil Procedure 23.1, the requirements of due process, and any other applicable law.

4. The firms of Broadridge Investor Communication Services, Inc., Computershare Limited, and Georgeson Inc. are hereby appointed to supervise and administer the notice

1 procedure as more fully set forth below:

2     (a) Not later than ___September 15___, 2008 (five (5) business days from the date
3 of this Order), Apple shall cause the proposed Notice to be provided to all Apple shareholders as
4 of the date of this Order who can be identified with reasonable effort and in the same manner in
5 which Apple provides notice of its annual meetings and proxy solicitations;

6     (b) Not later than ___September 18___, 2008 (ten (10) days from the date of this
7 Order), Apple shall cause the Summary Notice to be published once in Investor's Business Daily;
8 and

9     (c) By ___October 20___, 2008 (forty (40) days from the date of this Order),
10 Apple's Counsel shall serve on Plaintiffs' Counsel and file with the Court proof, by affidavit or
11 declaration, of such mailing and publishing.

12     5. Pending final determination of whether the Settlement should be approved, no
13 Shareholder, either directly, representatively, or in any other capacity, shall commence or
14 prosecute against any of the Released Parties, any action or proceeding in any court or tribunal
15 asserting any of the Released Claims.

16     6. Any Shareholder may object to the Settlement if such Shareholder completes the
17 following not later than ___October 14___, 2008 (thirty-five (35) days from the date of this Order):

18 (a) filing with the Clerk of the Court proof of ownership of Apple Common Stock, including the number of shares of Apple Common Stock held and the date of purchase, and providing a statement that indicates the nature of such objection, any legal support and/or evidence that such shareholder wishes to bring to the Court's attention or introduce in support of such objection, and any documentation in support of any objection; and

21 (b) simultaneously serving copies of such proof, statement and documentation, together with copies of any other papers or briefs such shareholder files with the Court, in person or by mail, upon counsel listed below, provided that if service is made by mail, then service by electronic mail or facsimile also shall be made on counsel listed below, no later than ___October 14___, 2008 (thirty-five (35) days from the date of this Order):

24     Mark C. Molumphy
25     COTCHETT, PITRE & McCARTHY
    840 Malcolm Road, Suite 200
26     Burlingame, CA 94010
    Telephone: (650) 697-6000
27     Facsimile: (650) 697-0577
    E-Mail: mmolumphy@cpmlegal.com
28     *Attorneys for Federal Plaintiffs and derivatively on behalf of Apple Inc.*

| | |
|---|---|
| 1 | J. Gerard Stranch, IV |
| | BRANSTETTER STRANCH & JENNINGS, PLLC |
| 2 | 227 Second Avenue, N. 4th Floor |
| | Nashville, TN 37201-1631 |
| 3 | Telephone: (615) 254-8801 |
| | Facsimile: (615) 255-5419 |
| 4 | E-Mail: gerards@branstetterlaw.com |
| | *Attorneys for State Plaintiffs and derivatively on behalf of Apple Inc.* |
| 5 | |
| | George A. Riley |
| 6 | O'MELVENY & MYERS LLP |
| | Two Embarcadero Center |
| 7 | 28th Floor |
| | San Francisco, California 94111-3828 |
| 8 | Telephone: (415) 984-8700 |
| | Facsimile: (415) 984-8701 |
| 9 | E-Mail: griley@omm.com |
| | *Attorneys for Nominal Defendant Apple Inc.* |
| 10 | |
| | Douglas R. Young |
| 11 | FARELLA BRAUN & MARTEL LLP |
| | Russ Building |
| 12 | 235 Montgomery Street, 17th floor |
| | San Francisco, CA 94104 |
| 13 | Telephone: (415) 954-4400 |
| | Facsimile: (415) 954-4480 |
| 14 | E-Mail: dyoung@fbm.com |
| | *Attorneys for Defendants William V. Campbell, Timothy D. Cook, Millard S.* |
| 15 | *Drexler, Steven P. Jobs, Ronald B. Johnson, Arthur D. Levinson, Mitchell* |
| | *Mandich, Peter Oppenheimer, Jonathan Rubinstein, Avadis Tevanian, Jr., and* |
| 16 | *Jerome B. York* |
| 17 | Jerome C. Roth |
| | MUNGER, TOLLES & OLSON LLP |
| 18 | 560 Mission Street, 27th Floor |
| | San Francisco, CA 94105 |
| 19 | Telephone: (415) 512-4000 |
| | Facsimile: (415) 512-4077 |
| 20 | E-Mail: Jerome.Roth@mto.com |
| | *Attorneys for Defendant Fred D. Anderson* |
| 21 | |
| | Sarah A. Good |
| 22 | HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN P.C. |
| | Three Embarcadero Center, Seventh Floor |
| 23 | San Francisco, CA 94111 |
| | Telephone: (415) 434-1600 |
| 24 | Facsimile: (415) 217-5910 |
| | E-Mail: sgood@howardrice.com |
| 25 | *Attorneys for Defendant Nancy Heinen* |

26   7.   Any Shareholder who does not make his, her or its objection or opposition in the

27 manner set forth above shall be deemed to have waived any and all objections and opposition, and

28 shall be forever foreclosed from making any objection to the fairness, reasonableness and

3

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT
C-06-04128-JF

adequacy of the Settlement.

8. Any Shareholder who timely files and serves a written objection in accordance with paragraph 6 above and intends to appear at the Final Settlement Hearing must effect service of a notice of intention to appear on counsel listed above (at the addresses set out above) and file such notice of intention to appear with the Court by no later than __October 23__, 2008 (forty-five (45) days from the date of this Order). Filing and service may be effected on the Court and counsel by mail, provided that service by electronic mail or facsimile also is made on counsel listed above no later than __October 23__, 2008 (forty-five (45) days from the date of this Order).

9. Any Shareholder who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to be heard at the Final Settlement Hearing, except upon a showing of good cause and excusable neglect.

10. All papers in support of the Settlement and the applications for Attorneys' Fees and Expenses and all papers responding to any Shareholder opposition or objection filed pursuant to paragraph 6 above shall be filed no later than __October 23__, 2008 (forty-five (45) days from the date of this Order).

11. If the Settlement receives final approval by the Court, the Court shall enter final judgment in the form submitted by the parties, or in any other form of order deemed appropriate by the Court. The Judgment shall be fully binding with respect to all parties in accordance with the terms of the Stipulation.

12. The Court adjudges that, if and when the Judgment is entered, the Released Claims shall be deemed to have, and by operation of the Judgment shall have, res judicata, collateral estoppel, and other preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Settling Parties, as well as their respective predecessors, successors, parents, subsidiaries, affiliates and agents (including, without limitation, any investment bankers, accountants, insurers, reinsurers or attorneys and any past, present or future officers, directors and employees of Apple, and their predecessors, successors, parents, subsidiaries, affiliates and agents).

13. All proceedings and all further activity regarding or directed toward the Federal

1  Action, including but not limited to all discovery activities, shall be stayed and suspended until
2  further order of this Court, except as to such actions as may be necessary to implement the
3  Settlement or this Order.

4      14.    Neither the Settlement nor any of its terms (nor any agreement, negotiations, or
5  order relating thereto), nor any payment or consideration provided for in the Stipulation, is or
6  shall be construed as an admission by Defendants or Apple of any fault, wrongdoing, or liability
7  whatsoever, nor as an admission by any of the Plaintiffs of any lack of merit of their claims
8  against Defendants or Apple.  Neither the Settlement nor any of its terms (nor any agreement,
9  negotiations, or order relating thereto), nor any payment or consideration provided for therein,
10 shall be deemed or offered or received in evidence in any judicial, administrative, regulatory, or
11 other proceeding or utilized in any manner whatsoever, including as a presumption, concession,
12 or admission of any fault, wrongdoing or liability whatsoever on the part of Defendants or Apple;
13 provided, however, that the Settlement (or any agreement or order relating thereto) may be used,
14 offered or received in evidence in any proceeding to approve, enforce or otherwise effectuate the
15 Settlement (or any agreement or order relating thereto) or the Judgment, or in any proceeding in
16 which the reasonableness, fairness, or good faith of the Settling Parties in participating in the
17 Settlement (or any agreement or order relating thereto) is at issue, or to enforce or effectuate
18 provisions of the Settlement as to the Settling Parties.

19     15.    The Court may approve the Settlement, with such modifications as may be agreed
20 to by the Settling Parties, if appropriate, without further notice to the Shareholders.

21 **IT IS SO ORDERED**.

23 DATED: 9/8/08

HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT JUDGE

5

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT
C-06-04128-JF