MARK C. MOLUMPHY ( State Bar No. 168009)
COTCHETT, PITRE & McCARTHY
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:   (650) 697-6000
Facsimile:   (650) 697-0577
E-Mail:      mmolumphy@cpmlegal.com

Attorneys for Derivative Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re APPLE COMPUTER, INC. DERIVATIVE LITIGATION | Master File No. C-06-4128-JF |
|---|---|
| This Document Relates to:<br><br>ALL ACTIONS. | **NOTICE OF ORDERS** |

TO ALL PARTIES, ATTORNEYS OF RECORD, AND OTHER INTERESTED PERSONS:

PLEASE TAKE NOTICE that the Court entered the Order (1) Granting Final Approval of Settlement; (2) Approving Agreement for Payment of Attorneys' Fees and Expenses; and (3) Addressing Shareholder Objections, a copy of which is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE that the Court entered Final Judgment and Order of Dismissal with Prejudice, a copy of which is attached hereto as Exhibit B.

Dated: November 13, 2008                           COTCHETT, PITRE & McCARTHY

By: _____/s/_____
    MARK C. MOLUMPHY

*Attorneys for Derivative Plaintiffs*

# EXHIBIT A

**E-Filed 11/5/2008**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE COMPUTER, INC. DERIVATIVE LITIGATION | Case Number C 06-4128 JF (HRL)<br><br>ORDER[1] (1) GRANTING FINAL APPROVAL OF SETTLEMENT; (2) APPROVING AGREEMENT FOR PAYMENT OF ATTORNEYS' FEES AND EXPENSES; AND (3) ADDRESSING SHAREHOLDER OBJECTIONS<br><br>[re: docket no. 222] |

On June 29, 2006, Apple Computer, Inc. ("Apple") issued a press release stating that its management had discovered irregularities regarding the issuance of certain stock option grants. Subsequently, sixteen shareholder derivative suits were filed in this Court; the cases subsequently were consolidated under the above caption. Several additional shareholder derivative actions were filed contemporaneously in the California Superior Court; these suits similarly were consolidated into a single action that was stayed pending the resolution of the instant action. On December 18, 2006, Plaintiffs filed a consolidated shareholder complaint. That complaint

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 06-4128 JF
ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, ETC.
(JFLC1)

alleged, *inter alia*, that certain Apple executives had engaged in an illegal stock option backdating scheme. Following further public disclosures by Apple, Plaintiffs filed a first amended complaint. Defendants filed a motion to dismiss, which this Court granted with leave to amend. Plaintiffs then filed the operative second amended complaint, which Defendants again moved to dismiss. Prior to the hearing on Defendants' second motion to dismiss, the parties reached an agreement in principle to settle.

On September 4, 2008, the parties filed a joint motion for preliminary approval of the settlement. A hearing regarding the proposed settlement was conducted on September 8, 2008, at which time the Court issued an order granting preliminary approval. The settlement provides for a cash payment of $14 million to Apple, to be made by the insurance carriers for the named individual Defendants. The settlement also requires that Apple institute multiple corporate governance reforms designed to prevent future wrongdoing, whether intentional or accidental.

Prior to entering into the settlement agreement, Apple had announced an $84 million restatement of earnings, of which $58 million was attributable to backdated options granted to Apple executives. The $14 million payment to Apple pursuant to the settlement agreement thus represents twenty-five percent of the value of the options granted to the executives. In addition, the $14 million payment is approximately eighty-four percent of the value of grants that actually were exercised (and which already have not been disgorged) – an amount the parties represent to be $16.6 million.[2] As part of the settlement, Apple will pay a total of $8.85 million in attorneys' fees to Plaintiffs' counsel in the instant action and the state court action.

As required by the preliminary approval order, the parties sent written notice to all Apple shareholders of record. Plaintiffs then moved for final approval of the settlement, and on October 31, 2008, the Court conducted a final approval hearing. After review and consideration of the documents filed in connection with the motion, the objections of certain shareholders to the terms of the settlement, and the oral arguments presented at the October 31 hearing, the Court

---

[2] Defendants contend that this figure represents the maximum amount of potential damages.

finds and concludes as follows:

(1) The proposed settlement is fair and reasonable. *See In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 377 (9th Cir. 1995). The Ninth Circuit has held that "[a]ssessing a settlement proposal requires the district court to balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The settlement as a whole must be fair and reasonable; the fairness of certain components will not save deficient settlement terms. *Id.*

The principal factor to consider in this case is the benefit to Apple as compared to the risks posed by derivative litigation. *See Shlensky v. Dorsey*, 574 F.2d 131, 147 (3d Cir. 1978) ("The principal factor to be considered in determining the fairness of a settlement concluding a shareholders' derivative action is the extent of the benefit to be derived from the proposed settlement by the corporation, the real party in interest."). The settlement provides for a cash payment of $14 million to Apple and a payment of $8.85 million in attorneys' fees and costs. As Apple is responsible for paying the attorneys' fees, the net payment to Apple is $5.15 million. This net payment is approximately eleven percent of the value of the options granted to Apple executives and thirty-one percent of the value of the grants actually exercised.

Apple's net cash recovery exceeds the average recovery in shareholder derivative litigation. *See* Laura E. Simmons & Ellen M. Ryan, *Securities Class Action Settlements, 2006 Review and Analysis* 6 (Cornerstone Research 2007) (settlements as a percentage of "estimated damages" averaged 2.4% in 2006); Stephanie Plancich, Brian Saxton & Svetlana Starykh, *Recent Trends in Shareholder Class Action: Filings Return to 2005 Levels as Subprime Cases Take Off; Average Settlements Hit New High* 14 (NERA Economic Consulting 2007) (median ratio of settlements to investor losses in 2007 was 2.4%). Moreover, the settlement requires that Apple adopt multiple corporate governance reforms. *See* Pls. Br. 10-11. These reforms are designed to

3

prevent future improperly backdated options as well as other acts of corporate misbehavior. Plaintiffs retained Professor David Larcker, Co-Director of the Rock Center for Corporate Governance at Stanford University, to help shape these governance reforms during the settlement negotiations. Professor Larcker has concluded that the value of the reforms could increase Apple's market value by an amount "well in excess of several hundred million dollars." Larcker Decl. ¶35. While this valuation may be optimistic, the Court is satisfied that the corporate governance reforms do confer a significant value upon Apple. At the very least, potential buyers of Apple stock likely will view such reforms as an additional reason to purchase the stock.

"[T]he risk, expense, complexity, and likely duration of further litigation" are additional factors that should be considered in determining the fairness of a proposed settlement. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). In the instant case, Plaintiffs' success was by no means assured. The first amended complaint was dismissed, and there is some doubt as to whether the second amended complaint or any other amended pleading would have survived a subsequent motion to dismiss. The Court concludes that the benefits to Apple are reasonable in light of the risks present in the instant case and in derivative litigation generally. *See Pac. Enters.*, 47 F.3d at 378 ("derivative lawsuits are rarely successful."). The parties also have expended a substantial amount of time on the case. As of September 4, 2008, Plaintiffs' counsel had expended over 10,000 hours on this matter. If the instant action were to proceed, it is likely that all of the parties, including Apple, would incur significant additional expenses.

The parties also have presented evidence that the negotiations were conducted at arms' length. The Honorable Edward A. Infante (Ret.), a former magistrate judge of this Court, served as a mediator throughout the litigation and has submitted a declaration in which he stated that "the settlement was negotiated by the parties at arms' length, carefully and in good faith." Infante Decl. ¶6. Judge Infante's participation weighs considerably against any inference of a collusive settlement. *See In re AOL Time Warner S'holder Deriv. Litig.*, No. 02 Civ. 6302, 2006 WL 257214, at *3 (S.D.N.Y. Sept. 6, 2006) (quoting *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001)) ("a court-appointed mediator's involvement in…settlement negotiations helps

4

1   to ensure that the proceedings were free of collusion and undue pressure"). In addition, the
2   involvement of multiple counsel from different firms suggests a lack of collusion. *See Gay v.*
3   *Waiters' & Dairy Lunchmen's Union Local No. 30*, 86 F.R.D. 500, 503 n.7 (N.D. Cal. 1980).
4   Finally, the parties have presented evidence that the proposed award of attorneys' fees was
5   negotiated separately from the initial $14 million payment. The parties first agreed on a gross
6   settlement of $14 million and the implementation of the new corporate governance rules, and
7   only then did they allocate the attorneys' fees. A court should refrain from substituting its own
8   value for a properly bargained–for agreement. *See id.*

9       A final factor to consider in evaluating a proposed derivative settlement is shareholder
10  opposition. *See Hanlon*, 150 F.3d at 1026. Here, although more than 1.4 million notices were
11  mailed to shareholders, only four timely objections were received. As addressed in further detail
12  below, the Court concludes that these objections, while articulate and well-reasoned, do not
13  outweigh the net benefit of the settlement to Apple.

14      (2)    The fee award is appropriate in light of the time expended by counsel and the value
15  conferred upon Apple. Under the terms of the settlement, $7.3 million in fees plus $300,000 in
16  expenses will be paid to Plaintiffs' counsel in the instant federal action, and $1.2 million in fees
17  plus $50,000 in expenses will be paid to Plaintiffs' counsel in the pending state action. Thus, the
18  total amount of fees and expenses payable to Plaintiffs' counsel in both actions is $8.85 million,
19  which equals sixty-three percent of the cash payment to Apple.

20      The Ninth Circuit has held that an award of twenty-five percent represents a reasonable
21  "benchmark" amount for attorneys' fees. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d
22  268, 272 (9th Cir. 1989). This benchmark percentage then may be "adjusted upward or
23  downward to account for any unusual circumstances." *Id.* A percentage-based calculation also
24  may be replaced by the "lodestar" method, which multiplies the total amount of hours spent on
25  the case by a reasonable hourly rate, "when special circumstances indicate that the percentage
26  recovery would be either too small or too large in light of the hours devoted to the case or other
27  relevant factors." *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th
28  Cir. 1990).

5

Case No. C 06-4128 JF
ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, ETC.
(JFLC1)

1    In the instant case, a twenty-five percent award would equal $3.5 million. The primary
2 justifications proffered for an amount that is more than double a benchmark award are (1) the
3 complexity of the case and (2) the value of the corporate governance reforms. As discussed
4 previously, the instant action is complex, and the success of Plaintiffs' case was by no means
5 assured. For these reasons alone, some upward adjustment from a benchmark award is
6 warranted. In addition, as detailed by Dr. Larcker the corporate governance reforms do confer a
7 significant economic benefit to Apple. Accordingly, the Court finds that the proposed fee award
8 is reasonable.[3]

9    (3)   The objections filed with the Court do not warrant disapproval of the settlement.
10 As noted above, only four objections were received. In essence, all of the objections focus on the
11 magnitude of the fee award. Shareholders Michael L. Happe and his minor daughter objected to
12 the amount of attorneys' fees as unreasonable, regardless of any proportional relationship to the
13 overall value of the settlement. Shareholder Daniel D. Slosberg objected to the settlement on
14 several grounds, including the inadequacy of a $14 million payment in light of the $84 million
15 restatement and the fact that individual Defendants may retain shares received through
16 improperly backdated options, the value of which may be increased by the settlement.
17 Shareholders H. Watkins Ellerson and Veronica Morrissette both objected to the amount of the
18 attorneys' fees as they relate to the total award to Apple, and argued respectively that either a
19 twenty-five percent or a twenty percent award would be appropriate. Ms. Morrissette, who also
20 made an oral presentation at the hearing, made an effective argument that Professor Larcker may
21 have overstated the value of the corporate governance reforms to Apple.[4]

---

[3] For example, if the corporate governance reforms were worth only $10 million, the total value of the settlement to Apple would be $24 million. Under such a scenario, the percentage recovery for Plaintiffs' counsel would be approximately thirty-seven percent, which is reasonable under the present circumstances.

[4] The Court has considered whether to appoint its own expert pursuant to Fed. R. Evid. 703 to provide additional perspective with respect to Dr. Larcker's opinion. However, in light of Dr. Larcker's substantial experience with respect to corporate governance issues and the relative costs and benefits of delaying resolution of the instant proceedings and causing all parties to incur additional expense, the Court concludes that such an appointment is unnecessary.

As discussed previously, the Court finds that the amount of the settlement is reasonable in light of the potential liability, and that the corporate governance reforms confer a financial benefit upon Apple. As noted *supra*, even if the corporate governance reforms ultimately confer a relatively small economic value to Apple, the attorneys' fees award would be reasonable in light of the value of Apple's total recovery. Accordingly, the Court declines to adjust the fee award.

## ORDER

Good cause therefor appearing, the settlement and the proposed order jointly submitted by the parties will be approved.

IT IS SO ORDERED.

DATED: November 5, 2008

JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  Alan R Plutzik   aplutzik@bramsonplutzik.com

3  David Malcolm Furbush   david.furbush@pillsburylaw.com, frances.ceccacci@pillsburylaw.com

4  Douglas R. Young   dyoung@fbm.com, calendar@fbm.com

5  Elizabeth A. Leland   bleland@kellerrohrback.com, chopkins@kellerrohrback.com,
6  dwilcher@kellerrohrback.com

7  Elizabeth B. Wydra   elizabethwydra@quinnemanuel.com

8  Emanuel Shachmurove   mshachmurove@sbtklaw.com

9  Eric L. Zagar   ezagar@sbtklaw.com, der_filings@sbtklaw.com, kpopovich@sbtklaw.com, rwinchester@sbtklaw.com

10  Genevieve A. Cox   Genevieve.Cox@mto.com, sophia.leshin@mto.com

11  George A. Riley   griley@omm.com, cchiu@omm.com, mhenderson@omm.com

12  Howard D. Finkelstein   fk@classactionlaw.com

13  James Christopher Magid   jmagid@bermanesq.com, stuiasosopo@bermanesq.com

14  Jason Mark Habermeyer   jhabermeyer@howardrice.com, ccamp@howardrice.com

15  Jeffrey R. Krinsk   jrk@classactionlaw.com, fk@classactionlaw.com

16  Jerome Cary Roth   Jerome.Roth@mto.com, susan.ahmadi@mto.com

17  Jerry E. Nastari   jen@coreylaw.com, deg@coreylaw.com

18  Jin H. Kim   jkim@hrice.com

19  John Mark Potter   johnpotter@quinnemanuel.com, amberburns@quinnemanuel.com,
20  westonreid@quinnemanuel.com

21  John W. Spiegel   spiegeljw@mto.com, berryjm@mto.com, finchac@mto.com, giesingermj@mto.com, stonelc@mto.com, voigtsam@mto.com

22  Juli E. Farris   jfarris@kellerrohrback.com, bleland@kellerrohrback.com,
23  dau@kellerrohrback.com, mbates@kellerrohrback.com, scramer@kellerrohrback.com

24  Kathryn Anne Schofield   kschofield@bramsonplutzik.com, moldenburg@bramsonplutzik.com

25  Kelly L Sommerfeld   ksommerfeld@cpsmlaw.com, jacosta@cpsmlaw.com

26  Luann Loraine Simmons   lsimmons@omm.com, cchiu@omm.com, cholsome@omm.com, smeblin@omm.com

27  Lynn Lincoln Sarko   lsarko@kellerrohrback.com

28

1  Mark Cotten Molumphy     mmolumphy@cpmlegal.com, bgoldman@cpmlegal.com,
   jacosta@cpmlegal.com, mmetzger@cpmlegal.com, oszeto@cpmlegal.com,
2  pskahan@cpmlegal.com

3  Mary Sikra Thomas     mthomas@gelaw.com, memaryt@verizon.net

4  Robert C. Schubert     rschubert@schubertlawfirm.com

5  Ronald Lovitt     rl@lh-sf.com, davies@lh-sf.com

6  Sarah A. Good     sgood@howardrice.com, bhastings@howardrice.com

7  Scott Justin Yundt     syundt@murrayhowardlaw.com, aarnall@murrayhowardlaw.com,
   aromero@murrayhowardlaw.com, dhoward@murrayhowardlaw.com,
8  gmurray@murrayhowardlaw.com

9  Sean M. Handler, Esq     ecf_filings@sbtklaw.com

10 Shawn A. Williams     shawnw@csgrr.com, aelishb@csgrr.com, cwood@csgrr.com,
   e_file_sd@csgrr.com, e_file_sf@csgrr.com, travisd@csgrr.com
11
   Travis E. Downs, III     travisd@csgrr.com, e_file_sd@csgrr.com
12
   Willem F. Jonckheer     wjonckheer@schubert-reed.com
13
   Yohance Claude Edwards     yohance.edwards@mto.com, milvi.giesinger@mto.com
14
   Carl Holliday Moor
15 Munger Tolles & Olson LLP
   355 S Grand Ave 35FL
16 Los Angeles, CA 90071-1560

17 Richard S. Schiffrin
   Schiffrin & Barroway LLP
18 280 King of Prussia
   Radnor, PA 19087
19
   Sarina M. Hinson
20 The Garcia Law Firm
   1 World Trade Center
21 Suite 1950
   Long Beach, CA 90831

9

Case No. C 06-4128 JF
ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, ETC.
(JFLC1)

# EXHIBIT B

Case5:06-cv-04128-JF   Document252   Filed11/13/08   Page13 of 18
Case 5:06-cv-04128-JF   Document 251   Filed 11/10/2008   Page 1 of 4
Case 5:06-cv-04128-JF   Document 205   Filed 09/04/2008   Page 33 of 88

1  MARK C. MOLUMPHY (State Bar No. 168009)
   COTCHETT, PITRE & McCARTHY
2  840 Malcolm Road, Suite 200
   Burlingame, California 94010
3  Telephone: (650) 697-6000
   Facsimile: (650) 697-0577
4  E-Mail: mmolumphy@cpmlegal.com
   Attorneys for Plaintiffs and Derivatively on Behalf of APPLE INC.
5
   GEORGE A. RILEY (State Bar No. 118304)
6  O'MELVENY & MYERS LLP
   Two Embarcadero Center
7  28th Floor
   San Francisco, California 94111-3828
8  Telephone: (415) 984-8700
   Facsimile: (415) 984-8701
9  E-Mail: griley@omm.com
   Attorneys for Nominal Defendant APPLE INC.
10

11

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                    SAN JOSE DIVISION

15 | In re APPLE INC.              | Master File No. C-06-04128-JF
   | DERIVATIVE LITIGATION         |
16 |                               | [PROPOSED] FINAL JUDGMENT AND
   |                               | ORDER OF DISMISSAL WITH
17 | This Documents Relates to:    | PREJUDICE
   |                               |
18 |     ALL ACTIONS.              |

Case5:06-cv-04128-JF   Document252   Filed11/13/08   Page14 of 18
Case 5:06-cv-04128-JF   Document 251   Filed 11/10/2008   Page 2 of 4
Case 5:06-cv-04128-JF   Document 205   Filed 09/04/2008   Page 34 of 88

1  This matter came before the Court for hearing pursuant to an Order of this Court, dated
2  September 8, 2008, on the application of the Settling Parties for approval of the
3  settlement set forth in the Stipulation of Agreement of Settlement dated as of August 29, 2008
4  (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in
5  said Order, and the Court having considered all papers filed and proceedings held herein and
6  otherwise being fully informed and good cause appearing therefore, IT IS HEREBY ORDERED,
7  ADJUDGED AND DECREED that:
8     1.   This Judgment incorporates by reference the definitions in the Stipulation, and all
9  terms used herein shall have the same meanings set forth in the Stipulation.
10    2.   This Court has jurisdiction over the subject matter of the Federal Action and over
11 all Settling Parties.
12    3.   Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby
13 approves the Settlement set forth in the Stipulation and finds that the Settlement is in all respects
14 fair, reasonable and adequate to, and in the best interests of, Apple and its shareholders. The
15 Court finds that the Settlement is consistent and in compliance with all applicable requirements of
16 California and Federal law, the California and United States Constitutions (including the due
17 process clause), the Federal Rules of Civil Procedure, and any other applieable law. The Court
18 further finds the Settlement is the result of arm's-length negotiations between experienced
19 counsel representing the interests of the Settling Parties, and that Plaintiffs' Counsel adequately
20 represented the interests of Apple and its shareholders for the purposes of the Actions.
21    Accordingly, the Settlement is hereby approved in all respects and shall be consummated in
22 accordance with its terms. The Settlement shall be deemed to be, and by operation of the
23 Judgment shall be, binding on the Settling Parties, and the Settling Parties are hereby directed to
24 perform the terms of the Stipulation.
25    4.   Plaintiffs, on behalf of themselves and Apple, Defendants, and Apple shall be
26 deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released
27 and discharged each and every Released Claim, and shall not now or hereinafter institute,
28 participate in or maintain a proceeding involving a Released Claim either directly or indirectly,

Case5:06-cv-04128-JF   Document252   Filed11/13/08   Page15 of 18
Case 5:06-cv-04128-JF   Document 251   Filed 11/10/2008   Page 3 of 4
Case 5:06-cv-04128-JF   Document 205   Filed 09/04/2008   Page 35 of 88

1  derivatively, on their own behalf or on behalf of any other person or entity.

2   5.   The Released Claims shall have res judicata, collateral estoppel, and other
3  preclusive effect in all pending and future lawsuits or other proceedings maintained by or on
4  behalf of the Settling Parties, as well as their respective predecessors, successors, parents,
5  subsidiaries, affiliates and agents (including, without limitation, any investment bankers,
6  accountants, insurers, reinsurers or attorneys and any past, present or future officers, directors and
7  employees of Apple, and their predecessors, successors, parents, subsidiaries, affiliates and
8  agents).

9   6.   As provided for in the Order Preliminarily Approving Settlement, the content,
10  distribution and publication of the Notice of Proposed Settlement of Shareholder Derivative
11  Action and Hearing and the Summary Notice constituted the best notice practicable under the
12  circumstances to all persons entitled to such notice. These notices fully satisfied the requirements
13  of Federal Rule of Civil Procedure 23.1, the requirements of due process, and any other
14  applicable law.

15   7.   Neither the Stipulation nor the Settlement (nor the Exhibits thereto, including but
16  not limited to the corporate governance policies attached as Exhibits 6, 7, 9, 10 and 11, the
17  modifications to Apple's Compensation Committee charter detailed in Exhibit 8, and the
18  modifications to Apple's Corporate Governance Guidelines), nor any act performed or document
19  executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or shall be
20  construed as an admission by Defendants or Apple of any fault, wrongdoing, or liability
21  whatsoever; or (b) shall be deemed or offered or received in evidence in any judicial,
22  administrative, regulatory, or other proceeding or utilized in any manner whatsoever, including as
23  a presumption, concession, or admission of any fault, wrongdoing or liability whatsoever on the
24  part of Defendants or Apple. The Stipulation and/or Judgment may be used, offered or received
25  in evidence in any proceeding to approve, enforce or otherwise effectuate any provision of the
26  Settlement (or any agreement or order relating thereto) or this Judgment, or in any proceeding in
27  which the reasonableness, fairness, or good faith of the Settling Parties in participating in the
28  Settlement (or any agreement or order relating thereto) is at issue, or to enforce or effectuate

Case5:06-cv-04128-JF   Document252   Filed11/13/08   Page16 of 18
Case 5:06-cv-04128-JF   Document 251   Filed 11/10/2008   Page 4 of 4
Case 5:06-cv-04128-JF   Document 205   Filed 09/04/2008   Page 36 of 88

1 | provisions of this Settlement as to the Settling Parties.

2 |     8.    Plaintiffs' Counsel's Attorneys' Fees and Expenses requests are granted.

3 |     9.    The Court finds that during the course of the litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws or statutes, including California Code of Civil Procedure Section 128.7.

    10.    Without affecting the finality of this Final Judgment and Order of Dismissal With Prejudice in any way, this Court hereby retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of this Settlement and this Judgment.

    11.    The above-entitled case is hereby dismissed with prejudice and without costs in accordance with the Stipulation.

**IT IS SO ORDERED.**

DATED: 11-5-08

HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT JUDGE

In Re APPLE COMPUTER, INC.,
DERIVATIVE LITIGATION , CASE NO. C-063-04128JF

**CERTIFICATE OF SERVICE**

    I am employed in San Mateo County where service of the document(s) referred to below occurred. I am over the age of 18 and not a party to the within action. My business address is Cotchett, Pitre & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame CA 94010. I am readily familiar with the firm's practices for the service of documents. On this date, I served or caused to be served a true copy of the following:

**NOTICE OF ORDERS**

__XXX__  **BY ECF DISTRIBUTION**: Proof of service by electric posting pursuant to Northern District of California Local Rules and ECF General Order No. 45 and by mail on all known non-registered parties

__XXX__  **BY MAIL:**  I placed a true copy of the aforementioned document(s) in a sealed envelope with postage fully paid. I am familiar with this firm's practice of collection and processing of mail for delivery by the United States Postal Service on the same day in the ordinary course of business. [SEE SERVICE LIST ATTACHED]

_____  **BY OVERNIGHT COURIER:**  I placed a true copy in a sealed envelope addressed as indicated above, on the date shown below. I am familiar with the firm's practice of collection and processing of correspondence for delivery by Federal Express. Pursuant to that practice, envelopes placed for collection at designated locations during designated hours are delivered to Federal Express with a fully completed airbill, under which all delivery charges are paid by Cotchett, Pitre & McCarthy, that same day in the ordinary course of business.

_____  **BY PERSONAL SERVICE:**  I am readily familiar with Cotchett, Pitre & McCarthy's practice for causing documents to be served by hand delivery. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be hand delivered to the addressee(s) specified on the attached Service List.

    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Burlingame, California, on November 13, 2008.

Jeanine H. Acosta

## SERVICE LIST

*Via U.S. Mail*

H. Watkins Ellerson, *pro se*
P.O. Box 90
Hadensville, VA 23067

*Via U.S. Mail*

Veronica C. Morrissette
2575 Peachtree Road, 22-C
Atlanta, GA 30305

*Via U.S. Mail*

J. Adam Prussin
POMERANTZ HAUDEK BLOCK
GROSSMAN & CROSS LLP
100 Park Avenue, 26th Floor
New York, NY 10017

Attorneys for Plaintiff- Boston Retirement Board, fiduciary of the State-Boston Retirement System

*Via U.S. Mail*

Michael L. Happe
Molly B. Happe
16385 Ringer Road
Wayzata, MN 55391

*Via U.S. Mail*

Daniel D. Slosberg
Flat D, 12th Floor
Yu Hing Mansion
55-57 Bonham Strand West
Sheung Wan
Hong Kong

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

CERTIFICATE OF SERVICE

2